**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Daniel Grice, <br> individually and on behalf of all others similarly situated, <br> Plaintiff, <br><br> -v.- <br><br> Financial Recovery Services, Inc., <br> LVNV Funding, LLC; <br><br> Defendants. | Case No.: 6:22-cv-6384 <br><br> **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Daniel Grice ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the defendants Financial Recovery Services, Inc. ("FRS") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Wayne.

8. Defendant FRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business at 4510 W 77th Street, Suite 200, Edina, MN 55435.

9. Upon information and belief, Defendant FRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the collection of debts.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process via its registered agent Corporation Service Company at 80 State Street, Albany, NY 12207.

11. Upon information and belief, Defendant LVNV is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom the Defendant FRS sent a collection letter;

    c. on behalf of the Defendant LVNV;

    d. attempting to collect a consumer debt;

    e. wherein the collection letter states a zero-balance for interest, costs and fees, despite the fact that the total balance actually includes interest and/or fees;

    f. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

  c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

  d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats the above allegations as if set forth here.

22. Some time prior to September 7, 2021, Plaintiff allegedly incurred an obligation to non-party Citibank, N.A. ("Citi").

23. The obligation arose out of transactions incurred primarily for personal, family, or household purposes. Specifically, for personal credit.

24. The alleged Citi obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Citi is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26. According to the Letter (defined below), LVNV purchased the Citi account.

27. Defendant LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

28. According to the Letter (defined below), LVNV placed the debt with the Defendant FRS to collect upon.

29. Defendant FRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

30. Defendant LVNV has policies and procedures in place that govern the Defendant FRS's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing the Defendant LVNV's control over the Defendant FRS's collection practices.

31. By virtue of the relationship between the two Defendants, Defendant LVNV exercised control over the Defendant FRS while the latter was engaged in collecting the subject debt on behalf of the former.

32. Therefore, Defendant LVNV should be held vicariously liable for any and all violations committed by the Defendant FRS.

*Violations – September 7, 2021 Collection Letter*

33. On or about September 7, 2021, FRS, on behalf of LVNV, sent the Plaintiff a collection letter ("Letter") regarding the alleged debt, originally owed to Citi. See Letter attached as Exhibit A.

34. The collection Letter states:

> **BALANCE ITEMIZATION**
> INTEREST BALANCE: $0.00
> COST BALANCE: $0.00
> FEE BALANCE: $0.00
> TOTAL BALANCE DUE: $2882.31

35. The Letter lists the "Interest Balance" as $0.00.

36. The Letter lists the "Fee Balance" as $0.00.

37. The Letter then states that the "Total Balance Due" is $2882.31.

38. However, these amounts are false or deceptive.

39. In fact, the alleged "Total Balance" includes interest and/or fees.

40. The interest balance is more than zero dollars.

41. The fees balance is more than zero dollars.

42. To state that there is no interest or fees owed is therefore false, deceptive and unfair.

43. Plaintiff was uncertain of the correct balance.

44. Plaintiff was uncertain how much, if any, of that amount is attributable to interest or fees.

45. Plaintiff was uncertain of the correct balance for interest and fees.

46. Plaintiff was misled as to his rights.

47. Defendants deceptively tried to make it appear that nothing was owed for interest or fees in order to make it appear that the balance consisted only of principal.

48. A debtor is more likely to be willing to pay principal only.

49. A debtor is more reluctant to pay for fees or interest.

50. By the time such an account is sent for collection, invariably there are interest or fees owed on the debt.

51. Plaintiff was therefore unsure if the balance on this Letter includes interest and/or fees.

52. Plaintiff was therefore unsure if the interest and fees balances are not both zero.

53. Defendants' actions caused the Plaintiff to suspect that the Letter was fraudulent or suspect, in whole or in part.

54. Defendants' actions were false, deceptive, and/or misleading.

55. Plaintiff was concerned and uncertain about the Letter.

56. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

57. Plaintiff was therefore unable to make a payment on the debt.

58. Plaintiff was unable to pay because he does not know what comprises the actual balance.

59. Plaintiff cannot pay the alleged debt, trusting the Defendants, when it appears that the amounts stated in the Defendants' Letter are incorrect.

60. Furthermore, the Letter offers a payment plan, and any discounted amount paid results in a 1099 to be issued on the reduced balance, but this 1099 is only issued on principal debt not interest and fees.

61. Plaintiff was unable to evaluate the potential tax ramifications for settling this debt based on the description of the debt in the Letter.

62. Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

63. Because of this, Plaintiff expended time and money in determining the proper course of action.

64. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

65. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future reputational and financial harm in the form of negative credit information furnishment/dissemination to third parties.

66. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to collect monies not owed.

67. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendants' negative credit information furnishment and dissemination to third parties, to the Plaintiff's reputational and financial detriment.

68. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused interest to accrue to the Plaintiff's financial detriment.

69. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused fees to accrue to the Plaintiff's financial detriment.

70. In addition, Plaintiff suffered emotional and physical harm because of the Defendants' improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

71. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

72. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

73. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, conversion and defamation.

74. Plaintiff is entitled to receive proper notice of the amount of the debt, as required by the FDCPA.

75. Defendants failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

76. These violations by the Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

77. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

78. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

79. Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond or handle the Defendants' debt collection.

80. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

81. As a result of the Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

82. Plaintiff repeats the above allegations as if set forth here.

83. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

84. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85. Defendants violated said section, as described above, by making a false and misleading representation in violation of §§ 1692e and 1692e (10) by stating a zero-balance owed for interest and fees when the actual balance included interest and/or fees; and by falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

86. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

87. Plaintiff repeats the above allegations as if set forth here.

88. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

89. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

90. Defendants violated this section by stating that no interest or fees were owed, when in fact one or both were allegedly owed, and by misleading the Plaintiff as to the proper course of action.

91. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692f, et *seq*. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

92. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daniel Grice, individually and on behalf of all others similarly situated, demands judgment from the Defendants FRS and LVNV as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Tamir Saland, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 7, 2022                         Respectfully submitted,

**Stein Saks PLLC**

<u>/s/ Tamir Saland</u>
By:  Tamir Saland, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 102
Fax: (201) 282-6501
tsaland@SteinSaksLegal.com

*Attorneys for Plaintiff*